MEMORANDUM **
Petitioner Anthony Onyeagoro, a native and citizen of Nigeria, petitions for review from a decision of the Board of Immigration Appeals, which found that Petitioner attempted to obtain an immigration benefit by fraud or wilful misrepresentation of a material fact and was therefore inadmissible and removable under 8 U.S.C. § 1227(a)(1)(A). Reviewing de novo the BIA’s finding, Chavez-Perez v. Ashcroft, 386 F.3d 1284, 1287 (9th Cir.2004), we deny the petition.
Title 8 U.S.C. § 1182(a)(6)(C)(i) states that, “[i]n general[,] [a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the Unit *988 ed States ... is inadmissible.” Petitioner argues that he is not subject to § 1182(a)(6)(C)® because he did not marry a United States citizen to procure admission as an immigrant. The record supports the BIA’s finding to the contrary.
Petitioner married a United States citizen in May 1992. He then filed an application to adjust his status to that of a lawful permanent resident on July 13, 1992, based on that marriage. In his application, Petitioner stated that he had been married previously to a woman in Nigeria and that the marriage had ended with her death. In support of the application, Petitioner submitted what he claimed to be a Nigerian death certificate for the woman. Documentary evidence showed the death certificate to be a fake, and Petitioner admitted as much. Because Petitioner used the false document to support his claim of a valid marriage to a United States citizen, the requisite nexus is established.
Petitioner further argues that his employment-based visa was improperly revoked. However, under 8 U.S.C. § 1154, the government properly revoked Petitioner’s employment-based visa because he was found to have entered into a marriage for the purpose of evading immigration laws. The record supports the BIA’s finding.
Finally, Petitioner asserts in the closing paragraph of his reply brief that he is entitled to a waiver of inadmissibility, based on hardship to his mother. The BIA did not err because Petitioner failed to establish a biological relationship with his purported mother.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.